UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HASS,<br><br>             Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY DEPARTMENT OF SUPPORT SERVICES, SACRAMENTO COUNTY SHERIFF SCOTT JONES, ATTORNEY SEAN GJERDE, AND DOES 1 through X, inclusive,<br><br>             Defendants. | No.  2:13-CV-01746 JAM KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

   This matter is before the Court on Defendants County of Sacramento ("Defendant County") and Sacramento County Sheriff Scott Jones' ("Defendant Jones") (collectively "Defendants") Motion to Dismiss (Doc. ##4,8) Plaintiff James Hass' ("Plaintiff") Complaint (Doc. #1) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the motion ("Opposition") (Doc. #6).   Defendants have filed a reply (Doc. #14).  For the following reasons, Defendants' motion is GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 6, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On May 1, 2009, Plaintiff alleges he met with "legal counsel on staff" at the Sacramento County Department of Child Support Services ("DCSS") regarding his court-ordered child support payments. Compl. ¶ 9. Plaintiff had been ordered to pay monthly child support for his son in the amount of $3,200 with an additional $2,000 for arrearages accruing on unpaid support and $720 for the opposing party's attorney fees. Compl. ¶¶ 8, 10. After meeting with Plaintiff, DCSS allegedly determined that Plaintiff lacked the ability to pay this amount, and "acted as legal counsel of record for Plaintiff" by filing a motion to modify Plaintiff's child support payments. Compl. ¶¶ 9, 11.

At the hearing to modify child support payments in July 2009, the family court ordered Plaintiff to file a new Financial Income and Expense Declaration and continued the matter to October 22, 2009. Compl. ¶ 12. Plaintiff alleges that DCSS failed to "advise Plaintiff of this Court Order" or "me[e]t or confer or assist Plaintiff with the preparation and/or the filing of a new Declaration for the October 22, 2009 hearing." Compl. ¶¶ 14-15. After Plaintiff failed to file the required documents, and neither DCSS nor Plaintiff appeared at the hearing on October 22, 2009, the motion to modify payments was removed from the court calendar. Compl. ¶ 16. Child support continued to accrue at the established level and, as of December 2010, was in excess of $110,000. Compl. ¶ 17.

On December 30, 2009, Plaintiff retained Attorney Sean Gjerde ("Defendant Gjerde") to file a Petition in bankruptcy court on his behalf. Compl. ¶ 19. This Petition was dismissed

and re-filed on numerous occasions, and Defendant Gjerde's representation of Plaintiff is the subject matter of Plaintiff's third through seventh causes of action.  However, as Defendants' Motion to Dismiss only addresses Plaintiff's first and second causes of action, the facts of Defendant Gjerde's representation are not relevant and are not summarized here.

In February 2010, DCSS filed a contempt petition against Plaintiff, alleging that Plaintiff willfully failed to pay child support.  Compl. ¶ 24.  Plaintiff retained Defendant Gjerde to represent him in the family law matter.  Compl. ¶ 25.  On December 8, 2010, Plaintiff was arraigned on the contempt matter and trial was set for February 7, 2011.  Compl. ¶ 34.  Plaintiff did not appear for trial, although Defendant Gjerde did appear.  Compl. ¶¶ 35, 42.  As a result of Plaintiff's non-appearance on February 7, 2011, the court ordered that Plaintiff be incarcerated in the Sacramento County Jail for 55 days.  Compl. ¶ 42.

The following day, on February 8, 2011, Plaintiff appeared in court because he mistakenly believed that trial was set for that date.  Compl. ¶ 47.  Plaintiff was immediately taken into custody, and was booked into the Sacramento County Main Jail.  Id.  Plaintiff alleges that he was "compelled to live under oppressive conditions which violated his civil rights."  Compl. ¶ 49.  Plaintiff alleges that he was housed in a unit "typically used to house gang members, repeat felons, those accused of serious felony crimes, suicidal inmates, and those being processed."  Compl. ¶ 62.  Plaintiff further alleges that he was only permitted to shower twice during his incarceration and was

1 required to remain in his cell at all times, with the exception
2 of four "recreation" occasions.  Compl. ¶¶ 64-65.  He had no
3 television or radio privileges and "shared his windowless cell
4 with bags of garbage . . . and sometimes another inmate."  Compl.
5 ¶ 66.  Plaintiff alleges that he was incarcerated under "inhumane
6 conditions" that "fell below the standard of care for inmates
7 according to [Defendant Jones'] published statement of
8 standards."  Compl. ¶¶ 77-78.  Plaintiff states that, during his
9 incarceration, he "filed a Petition for a Writ of Habeas Corpus"
10 and "presented a Request for a Stay of sentence pending
11 resolution of his Habeas Petition," but was never heard on these
12 requests.  Compl. ¶¶ 68, 69, 73.  On March 5, 2011, Plaintiff was
13 released from custody.  Compl. ¶ 74.
14     On March 7, 2012, Plaintiff filed the Complaint (Doc. #1)
15 in Sacramento County Superior Court.  The case was susequently
16 removed to this Court by Defendants on August 22, 2013.
17 Plaintiff's Complaint includes the following causes of action:
18 (1) Malpractice against Defendant County (erroneously sued as
19 Department of Child Support Services); (2) "Negligence and
20 Violation of Civil Rights" against Defendant Jones;
21 (3) Malpractice against Defendant Gjerde for his representation
22 of Plaintiff in the family law matter; (4) Malpractice against
23 Defendant Gjerde for failure to keep his client advised;
24 (5) Malpractice against Defendant Gjerde for the Plaintiff's loss
25 of $70,000 from Home Depot; (6) Malpractice against Defendant
26 Gjerde for Plaintiff's loss of business, personal assets, and
27 home; and (7) "Fraud and Deceit/False Promise" against Defendant
28 Gjerde.

4

This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff has asserted a claim for relief under 42 U.S.C. § 1983 for violation of his civil rights under the Eighth Amendment of the United States Constitution.

## II.   OPINION

### A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id.  Assertions

1  that are mere "legal conclusions" are therefore not entitled to
2  the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678
3  (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is
4  appropriate when a plaintiff fails to state a claim supportable
5  by a cognizable legal theory.  Balistreri v. Pacifica Police
6  Department, 901 F.2d 696, 699 (9th Cir. 1990).
7       Upon granting a motion to dismiss for failure to state a
8  claim, a court has discretion to allow leave to amend the
9  complaint pursuant to Federal Rule of Civil Procedure 15(a).
10 "Dismissal with prejudice and without leave to amend is not
11 appropriate unless it is clear . . . that the complaint could not
12 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,
13 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
14      B.   Discussion
15           1.   Malpractice against Defendant County
16      Plaintiff's first cause of action is against Defendant
17 County (on behalf of DCSS) for malpractice.  Defendants argue
18 that Plaintiff has failed to state facts upon which relief can be
19 granted because no attorney-client relationship existed between
20 DCSS and Plaintiff.  Mot. at 7.  Defendants note that California
21 Family Code section 17406(a) expressly provides that no such
22 relationship exists between "the local child support agency . . .
23 and any person" as long as the agency is carrying out its
24 statutory duties.  Mot. at 8.  Plaintiff responds that DCSS was
25 the "attorney of record" in Plaintiff's child support
26 modification proceedings, and that Defendant County is estopped
27 from denying the existence of an attorney-client relationship,
28 under California Evidence Code section 623.  Opp. at 14-15.

The existence of an attorney-client relationship is an essential element of a claim for legal malpractice. Fox v. Pollack, 181 Cal.App.3d 954, 959 (1986). California Family Code section 17406(a) provides that "[i]n all actions involving paternity or support . . . the local child support agency and the Attorney General represent the public interest in establishing, modifying, and enforcing support obligations." Cal. Fam. Code § 17406(a). Accordingly, "[n]o attorney-client relationship shall be deemed to have been created between the local child support agency . . . and any person by virtue of the action of the local child support agency . . . in carrying out these statutory duties." Id. Therefore, in child support modification proceedings, "[t]here is no attorney-client relationship created between the [local child support agency] and the parent," because "the 'client' in such actions remains the county." Jager v. Cnty. of Alameda, 8 Cal.App.4th 294, 297 (1992).

Here, Plaintiff has alleged that Defendant County – through DCSS – "acted as legal counsel of record for Plaintiff" in child support modification proceedings. Compl. ¶ 11. However, there are no allegations that DCSS went beyond its statutory duties in arguing that Plaintiff's child support payments should be modified. As DCSS was merely "carrying out these statutory duties," no attorney-client relationship existed between Plaintiff and DCSS. Cal. Fam. Code § 17406(a).

Plaintiff's reliance on California Evidence Code section 623 is misplaced. As an initial matter, the California Evidence Code is not used in federal court. Furthermore, Plaintiff cites no authority suggesting that an evidentiary rule of estoppel

7

trumps an express statutory mandate regarding the non-existence of an attorney-client relationship. Moreover, section 623 does not apply to the present case, because DCSS did not "intentionally and deliberately [lead Plaintiff] to believe" that an attorney-client relationship existed. Cal. Evid. Code § 623. As discussed above, DCSS was merely carrying out its statutory duties in requesting a child support modification in Plaintiff's case. Finally, even if the doctrine of estoppel did apply, DCSS would likely be exempt from its application. See City of Long Beach v. Mansell, 3 Cal.3d 462, 493 (1970) (noting "the well-established proposition that an estoppel will not be applied against the government if to do so would effectively nullify a strong rule of policy, adopted for the benefit of the public").

As no attorney-client relationship existed between Plaintiff and Defendant County, Plaintiff has failed to state a claim for legal malpractice. See Jager, 8 Cal.App.4th at 297 (1992) (finding that no attorney-client relationship existed "between a parent seeking child support enforcement and the district attorney"). Therefore, Plaintiff's first cause of action is DISMISSED WITH PREJUDICE.

Defendants also argue that Plaintiff's claim for malpractice against Defendant County is time-barred by the applicable statute of limitations. However, as Plaintiff has failed to state a claim for malpractice, the Court need not reach this issue.

### 2. Negligence and § 1983 Violations

Plaintiff's second cause of action is against Defendant Jones for negligence and for violating Plaintiff's civil rights under 42 U.S.C. § 1983. Defendant argues that Plaintiff's second

8

cause of action, to the extent that it purports to sue Defendant Jones in an individual capacity, under a theory of either negligence or § 1983 liability, must be dismissed because Plaintiff has failed to allege any individual involvement or culpability on Defendant Jones' part.  Mot. at 10-11.  Plaintiff concedes that "there is insufficient evidence to support allegations against [Defendant] Jones as an individual."  Opp. at 10 n.5.  Therefore, to the extent that Plaintiff's second cause of action is based on a theory of negligence, it is DISMISSED WITH LEAVE TO AMEND.  Similarly, to the extent that Plaintiff's § 1983 claim is brought against Defendant Jones in an individual capacity, it is DISMISSED WITH LEAVE TO AMEND.

However, Plaintiff contends that he has alleged sufficient facts to support a § 1983 claim against Defendant Jones in his official capacity.  Opp. at 10.  Defendants argue that any claim against Defendant Jones in his official capacity must be dismissed because Plaintiff has failed to allege that an official county policy existed.  Mot. at 11-12.  Plaintiff responds by arguing that the conditions in the county jail violated the Eighth Amendment, due to (1) solitary confinement, (2) unsanitary conditions, and (3) insufficient diet and exercise.  Opp. at 13-14.

When a government official is sued in his official capacity for a civil rights violation under § 1983, it is the legal equivalent of a suit against "the entity of which [the] officer is an agent."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).  Although a municipality can be sued under § 1983, "it cannot be held liable unless a municipal

policy or custom caused the constitutional injury." Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993). Furthermore, the claim must allege the policy in sufficient detail, and an allegation of a general policy will not suffice. For example, in a similar case, the Ninth Circuit approvingly discussed the district court's dismissal on the ground that "the complaint did not allege a deliberate County policy with sufficient particularity." Estate of Brooks ex rel. Brooks v. United States, 197 F.3d 1245, 1247 (9th Cir. 1999). This was despite the fact that the complaint had been amended to allege "that the County's conduct 'was part of a general policy of neglect'" followed by the defendant. Id.

Here, Plaintiff is suing Defendant Jones in his official capacity. Opp. at 10. Accordingly, the § 1983 claim is legally equivalent to a claim against the County of Sacramento. The Complaint alleges several hardships visited upon Plaintiff during his incarceration, but fails to allege that these were the result of an official municipal policy. Although Plaintiff makes an oblique reference to Defendant Jones' "published statement of standards," no such statement is attached to the Complaint. Compl. ¶ 78. Nor is it clear from the Complaint whether the alleged abuses were in compliance with Defendant Jones' "statement of standards," or whether the abuses violated those standards. Id. As Plaintiff fails to allege that an official policy existed, the second cause of action against Defendant Jones is DISMISSED WITH LEAVE TO AMEND. See Stewart v. Block, 938 F. Supp. 582, 587 (C.D. Cal. 1996) (dismissing a § 1983 claim against a sheriff-defendant in his official capacity, because

"the conclusory allegations in the complaint do not contain facts showing that Defendant Block, in his official capacity, was responsible for a policy" which injured Plaintiff).

### III. ORDER

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Defendants' Motion to Dismiss Plaintiff's first cause of action is GRANTED WITH PREJUDICE. Defendants' Motion to Dismiss Plaintiff's second cause of action is GRANTED WITH LEAVE TO AMEND. Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this order. Defendants' responsive pleading is due within twenty (20) days thereafter. If Plaintiff elects not to file an Amended Complaint, the case will proceed without the first and second causes of action.

IT IS SO ORDERED.

Dated: December 19, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE