UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HASS,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF SACRAMENTO<br>DEPARTMENT OF SUPPORT<br>SERVICES, SACRAMENTO COUNTY<br>SHERIFF SCOTT JONES, ATTORNEY<br>SEAN GJERDE, AND DOES 1<br>through X, inclusive,<br><br>            Defendants. | No.  2:13-cv-01746 JAM KJN<br><br>**ORDER GRANTING DEFENDANT<br>SACRAMENTO COUNTY'S MOTION TO<br>DISMISS** |

     Defendant Sacramento County ("Defendant") moves to dismiss

the first cause of action for violation of his civil rights in

Plaintiff James Hass' ("Plaintiff") Second Amended Complaint

("SAC").  For the following reasons, Defendant's motion is

GRANTED WITH LEAVE TO AMEND.[1]

///

///

_____

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
scheduled for August 20, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

From February 8, 2011 to March 5, 2011, Plaintiff was incarcerated in the Sacramento County Jail on an order of civil contempt, arising from a family court matter.  SAC ¶ 9. Pursuant to California Penal Code ("CPC") § 4001, Defendant County "separated Plaintiff from inmates who were [awaiting] pending trials or serving sentences for criminal convictions." SAC ¶ 11.  Plaintiff alleges that, "[a]s a proximate result of the de facto policy of discrimination against an inmate serving a civil commitment, Defendant County deprived Plaintiff of a humane environment" during his incarceration.  SAC ¶ 24. Specifically, Plaintiff alleges that he was kept in a windowless cell along with "large bags of kitchen garbage," and was not provided time to exercise, shower, or "watch the news."  SAC ¶¶ 15, 20.

Plaintiff also alleges that, on his first day in custody, he "went through the routine intake processing" at the jail, which included a medical interview.  SAC ¶¶ 28-29.  During this interview, Plaintiff disclosed a number of medical conditions including hypertension, acute sleep apnea, diabetes, and a history of strokes.  SAC ¶ 30.  Plaintiff was originally provided with blood pressure medication but, at some point during his incarceration, "Defendant County withdrew all medications from Plaintiff and deprived Plaintiff of access to a [sleep apnea] CPAP machine."  SAC ¶ 36.  Plaintiff alleges that Defendant knew or should have known that the failure to provide appropriate medical treatment "created a high risk of harm to Plaintiff."  SAC ¶ 41.

2

1    Plaintiff was represented by Sean Gjerde ("Defendant

2  Gjerde") in the above-mentioned family court matter.   SAC ¶ 4.

3  Defendant Gjerde's representation of Plaintiff is the subject

4  matter of Plaintiff's second through sixth causes of action.

5  However, as Defendant County's Motion to Dismiss only addresses

6  Plaintiff's first cause of action, the facts of Defendant

7  Gjerde's representation are not relevant to its motion and are

8  not summarized here.

9

10                    II.   OPINION

11    Plaintiff's only claim against the Defendant County

12  alleges a "violation of [his] civil rights."   SAC at 3.

13  Although Plaintiff does not expressly invoke a statute, it is

14  inferred that his claim is brought pursuant to 42 U.S.C. § 1983

15  and takes the form of a § 1983 <u>Monell</u> claim.   <u>Monell v. Dep't of</u>

16  <u>Soc. Servs. of City of New York</u>, 436 U.S. 658, 691 (1978).

17    A municipality can be sued under § 1983, but "it cannot be

18  held liable unless a municipal policy or custom caused the

19  constitutional injury."   <u>Leatherman v. Tarrant Cnty. Narcotics</u>

20  <u>Intelligence & Coordination Unit</u>, 507 U.S. 163, 166 (1993).   In

21  order to state a claim for municipal liability under § 1983, a

22  plaintiff must allege (1) that an official policy or custom

23  existed; (2) that the plaintiff suffered constitutional injury;

24  and (3) the existence of a causal link between the policy/custom

25  and the plaintiff's injury.   <u>Id.</u>   Each of these elements must

26  also be alleged with "sufficient particularity" and general or

27  conclusory allegations will not suffice.   <u>See, e.g.</u>, <u>Estate of</u>

28  <u>Brooks ex rel. Brooks v. United States</u>, 197 F.3d 1245, 1247 (9th

3

1   Cir. 1999) (approving the dismissal of a <u>Monell</u> claim, on the

2   grounds that "the complaint did not allege a deliberate County

3   policy with sufficient particularity").

4       Plaintiff argues, generally, that his civil rights were

5   violated during his confinement in Sacramento County Jail.  SAC

6   ¶¶ 9-45.  Plaintiff notes that the alleged "inhumane treatment

7   . . . has two component parts."  Opp. at 5.  First, he alleges

8   that he was deprived of appropriate medical care due to

9   Defendant's failure to adequately train its employees.  SAC

10  ¶ 42.  Second, he alleges that he was confined under inhumane

11  conditions due to his status as a civil inmate.  SAC ¶ 24.

12      A.   <u>Failure to Train Employees to Provide Medical Care</u>

13      Defendant moves to dismiss the claim against it because

14  Plaintiff has failed to allege sufficient facts to establish

15  municipality liability for failure to adequately train its

16  employees to provide Plaintiff with medical care.  Mot. at 4.

17  Defendant notes that both the SAC and Plaintiff's opposition

18  brief "fail[] to explain the medical consequences of the

19  County's alleged failure to provide him with his medications."

20  Reply at 4.  Plaintiff does not directly address this issue, but

21  appears to argue that exposure to the *risk* of harm is sufficient

22  to state a civil rights violation.  Opp. at 3-4 (citing <u>Helling</u>

23  <u>v. McKinney</u>, 509 U.S. 25 (1993)).

24      Defendant contends that Plaintiff has not specifically

25  alleged any harm suffered as a result of Defendant's failure to

26  provide him with adequate medical treatment.  SAC ¶ 41.

27  Plaintiff did allege that Defendant's employees failed to

28  provide him access to his CPAP sleep apnea machine, and failed

4

to provide him with his blood pressure medication during his incarceration.  SAC ¶ 36.  However, Plaintiff merely alleged that "the deprivation of currently prescribed medications and medical equipment to Plaintiff created *a high risk of harm* to Plaintiff."  SAC ¶ 41.  Even taking this allegation as true, Plaintiff has not alleged any actual injury that resulted from the risk created by Defendant's employees.  His conclusory allegation that that he "suffered injury to his person" is insufficient in this regard.  Brooks, 197 F.3d at 1247.

Actual injury – or a *continuing* risk of harm – is a necessary element of a Monell claim.  Leatherman, 507 U.S. at 166; see also, Helling v. McKinney, 509 U.S. 25, 32-33 (1993) (holding that a prisoner had stated a cause of action for injunctive relief under the Eighth Amendment where he alleged that he was being exposed to a cellmate who smoked five packs of cigarettes per day).  Since Plaintiff is no longer incarcerated, he cannot allege that he is currently being exposed to a continuing risk of harm (i.e., Defendant continues to deprive him of his medication).  Plaintiff's failure to allege actual injury or a continuing risk of harm is fatal to his Monell claim, insofar as it is based on Defendant's failure to provide Plaintiff with proper medical care.  For this reason, the Court does not need to address the parties' arguments as to whether Plaintiff has adequately alleged the remaining elements of his Monell claim for "failure to train" its employees in providing medical treatment, or for "deliberate indifference" to his medical needs.  Mot. at 4-7; Opp. at 6-17.

B. <u>Inhumane Treatment due to Classification as Civil Prisoner</u>

Plaintiff has also alleged that he suffered constitutional harm due to the inhumane conditions of his confinement.  SAC ¶ 24.  Specifically, he claims that he was "not allowed regular exercise time, not allowed regular shower time, not allowed to watch the news," and was held in a windowless cell that was "being used to store large bags of kitchen garbage."  SAC ¶¶ 14, 20.  Plaintiff alleges that that these deprivations were the "proximate result of the de facto policy of discrimination against an inmate serving a civil commitment."  SAC ¶ 24.  Plaintiff appears to be referring to California Penal Code § 4001.  SAC ¶ 11.  CPC § 4001 merely mandates that criminal and civil prisoners be "confined separately and distinctly."  Notably, § 4001 does not address the conditions of confinement.  Section 4001 is facially unrelated to the conditions of Plaintiff's confinement, and Plaintiff has failed to allege the requisite causal link between the official policy and the harm suffered.  <u>Leatherman</u>, 507 U.S. at 166.  His conclusory allegation that the conditions of his confinement were the "proximate result" of the official policy is insufficient.  <u>Brooks</u>, 197 F.3d at 1247.  Similarly, to the extent that Plaintiff's <u>Monell</u> claim is based on the *failure to follow* Defendant County's statement of "Mission and Goals," the causal link is missing: it cannot be said that an official policy is the "moving force" behind an injury caused by a violation of that policy.  <u>Monell</u>, 436 U.S. at 694.  The Court therefore finds that allegedly inhumane conditions of Plaintiff's

1   incarceration cannot form the basis for Plaintiff's <u>Monell</u>

2   claim.

3        For these reasons, Plaintiff's first cause of action is

4   insufficient to state a <u>Monell</u> claim.  Neither of the "two

5   component parts" of Plaintiff's alleged mistreatment is

6   sufficient grounds for his § 1983 action against Defendant

7   County.  Opp. at 5.  Plaintiff's remaining arguments are

8   foreclosed by Plaintiff's failure to allege any actual harm

9   resulting from the deprivation of medical treatment, and by

10  Plaintiff's failure to allege a causal nexus between an official

11  policy and the conditions of his confinement.

12       Defendant's Motion to Dismiss Plaintiff's first cause of

13  action is GRANTED.  As amendment of the complaint would not

14  necessarily be futile, the motion is GRANTED WITH LEAVE TO

15  AMEND.  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048,

16  1052 (9th Cir. 2003).

17

18                      III.   ORDER

19        The Court GRANTS WITH LEAVE TO AMEND Defendant County's

20  Motion to Dismiss Plaintiff's first cause of action. Plaintiff's

21  Third Amended Complaint must be filed within twenty  days from

22  the date of this Order.  Defendant's responsive pleading is due

23  within twenty days thereafter.  If Plaintiff elects not to file

24  a Third Amended Complaint, the case will proceed without

25  Defendant County.

26       IT IS SO ORDERED.

27  Dated: October 7, 2014

28

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE